**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ENRIQUE MUNOZ,<br><br>          Appellant,<br><br>               v.<br><br>OFFICE OF PERSONNEL<br>     MANAGEMENT,<br>               Agency. | DOCKET NUMBER<br>DA-0831-24-0285-I-1<br><br><br>DATE: February 6, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Enrique Munoz, Round Rock, Texas, pro se.

Eva Ukkola, Sherri A. McCall, and Tynika A. Johnson, Washington, D.C.,
     for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that he was ineligible to redeposit his refunded retirement contributions under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this one only in the following circumstances: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

An applicant for retirement benefits bears the burden of proving, by preponderant evidence, his entitlement to the benefits he seeks. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(ii). In the initial decision, the administrative judge relied on 5 U.S.C. §§ 8334(d), 8342(a), 5 C.F.R. § 831.112(a), his 1991 refund application, and *Youngblood v. Office of Personnel Management*, 108 M.S.P.R. 278, ¶ 12 (2008), to conclude that the appellant did not prove that he was an employee who was entitled to redeposit his refunded CSRS retirement deductions. Initial Appeal File (IAF), Tab 12, Initial Decision (ID) at 2-4.

On review, the appellant reasserts that the version of 5 U.S.C. § 8334(d)(1)-(2) in effect in January 1991, when he resigned, should be applied and, under that law, he falls within the group of former employees who were eligible to make a deposit, i.e., those who separated from service between December 1, 1990, and February 28, 1991. Petition for Review (PFR) File, Tab 1 at 4-5. Although the appellant did not provide a written copy of the version of section 8334 on which he relied during the hearing, he quoted the statutory language in his pleading and

recited the statutory language during his testimony. IAF, Tab 7 at 3-4, Tab 11-1, Hearing Recording (HR) (testimony of the appellant). For example, he testified that 5 U.S.C. § 8334(d)(1) stated, in relevant part, that "[e]ach employee who has received a refund of retirement deductions . . . may deposit the amount received, with interest." HR (testimony of the appellant); *see* IAF, Tab 7 at 3. He also testified that subsection 8334(d)(2)(A)(i) stated that this language applied to any employee "who . . . separates before March 1, 1991 . . . and receives a refund . . . which relates to a period of service ending before March 1, 1991." HR (testimony of the appellant); *see* IAF, Tab 7 at 3. The appellant asserted that he was an "employee" as defined in section 8334(d) because he had "over 10 years of creditable service" and he "separated from service on January 16th 1991 (a date well before the March 1, 1991 deadline specified by law)." IAF, Tab 7 at 3-4. We have considered this evidence, but it does not warrant a different outcome.

Importantly, the language that the appellant recounted in his pleading and recited during the hearing was not the version of 5 U.S.C. § 8334(d)(2) that was in effect in January 1991. Rather, pursuant to the Omnibus Budget Reconciliation Act of 1990, Pub. L. 101-508, 104 Stat. 1388, § 7001 (Nov. 5, 1990), Congress added the following language in 5 U.S.C. § 8334(d)(2)(A)(i): "This paragraph applies with respect to any employee[2] . . . who . . . separates

---

[2] We are not persuaded by the appellant's assertion that the administrative judge erred in relying on 5 C.F.R. § 831.112(a) for the definition of an "employee" because the regulation became effective after he separated from Federal service. PFR File, Tab 1 at 4; ID at 3; *see* Retirement; Court-Ordered Retirement Benefits, 56 Fed. Reg. 45883-01, 45883 (Sept. 9, 1991). Indeed, the 1991 version of 5 U.S.C. § 8334(d)(2)(C) stated that OPM "shall prescribe such regulations as may be necessary to carry out this paragraph," and section 831.112(a) became effective a short time later. Moreover, the Board has relied on the definitions set forth in 5 C.F.R. § 831.112(a) in cases in which individuals have separated prior to its effective date. *See, e.g.*, *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 12 (2011) (noting that, to be entitled to make a service deposit under 5 U.S.C. § 8334 for his service from 1971 to 1985, Mr. Encarnado would need to meet the definition of "employee" under 5 C.F.R. § 831.112(a)(2)).

before October 1, 1990, and receives (or elects, in accordance with applicable provisions of this subchapter, to receive) a refund (described in paragraph (1)) which relates to a period of service ending before October 1, 1990." There is no dispute that the appellant resigned in January 1991, which is after the October 1, 1990 separation date set forth in section 8334(d)(2)(A)(i). Therefore, even if we explicitly consider the version of 5 U.S.C. § 8334 that existed at the time of his resignation, this provision did not apply to him.

We also discern no error with the administrative judge's conclusion that the appellant did not prove that he was entitled to redeposit the refunded deductions.[3] Importantly, as the administrative judge noted, the refund application that the appellant completed in 1991 specifically advised him that his "annuity rights [] will be forfeited by payment of this refund unless [he is] later reemployed subject to the Civil Service Retirement Law." ID at 3; IAF, Tab 6 at 30. The appellant does not assert on review that he was unaware of this language on the refund application form or of the consequences of his acceptance of the refunded deductions. *Tavares v. Office of Personnel Management*, 94 M.S.P.R. 157, ¶ 15 (2003). Nor does he assert that he was reemployed in a position subject to the CSRS.

We have considered the appellant's remaining assertions on review, but none warrants a different outcome.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[3] The appellant did not seek to make a redeposit to cover his Federal service from March 1977 to July 1979. IAF, Tab 6 at 27. Therefore, we need not consider this Federal service in our analysis of this appeal.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:         *Gina K. Grippando*
                                _____
                                Gina K. Grippando
                                Clerk of the Board

Washington, D.C.